T.C. Summary Opinion 2011-26


UNITED STATES TAX COURT


LIONEL W. AND GABRIELE B. HAMMOND, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24658-07S.              Filed March 8, 2011.


Lionel W. and Gabriele B. Hammond, pro sese.

<u>L. Katrine Shelton</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a notice of deficiency on July 26, 2007, in which he determined a deficiency of $10,375 in petitioners' 2004 Federal income tax, an addition to tax of $2,593.75 under section 6651(a)(1), and an accuracy-related penalty of $2,075 under section 6662(a).  In an amendment to answer filed August 17, 2009, respondent affirmatively asserted that:  (1) Petitioners are not entitled to claimed dependency exemption deductions; (2) petitioners are not entitled to a claimed earned income credit (EIC); and (3) petitioners are liable for the fraud penalty under section 6663.  The amendment to answer indicates that:  The corrected amount of petitioners' tax for 2004 is $12,788; the tax shown on petitioners' joint Federal income tax return for 2004 was a refund request of $2,427; and the difference between petitioners' correct amount of tax and the tax shown on their return for 2004 is $15,215.  As a result, respondent contends that petitioners are liable for a fraud penalty under section 6663 of $11,411.25, which is equal to 75 percent of the portion of the underpayment that is attributable to fraud.  The issues for decision are:

(1) Whether petitioners underreported gross receipts by $43,608 on Schedule C, Profit or Loss From Business (Sole Proprietorship), with respect to petitioner Lionel W. Hammond's business;

(2) whether petitioners underreported interest income by $103;

(3) whether petitioners have substantiated expenses of $4,800 for utilities and $8,900 for rent or lease expenses (other than as home office expenses, a portion of which respondent acknowledges petitioners are entitled to deduct) claimed on their Schedule C for 2004;

(4) whether petitioners are entitled to claim a net operating loss (NOL) carryback from 2005 on their 2004 Federal income tax return;

(5) whether petitioners are entitled to dependency exemption deductions for 2004;

(6) whether petitioners are entitled to an EIC for 2004;

(7) whether petitioners are liable for an addition to tax under section 6651(a)(1); and

(8) whether petitioner Lionel W. Hammond is liable for the civil fraud penalty under section 6663 or, in the alternative, whether petitioners are liable for the accuracy-related penalty under section 6662(a).

During trial the parties agreed to an oral stipulation of facts and exhibits, which is incorporated herein by reference.

## Background

Petitioners resided in California at the time the petition was filed.  Petitioners were married in 1988.  At trial Lionel W.

Hammond (petitioner) appeared on behalf of his wife and himself. Gabriele B. Hammond (Mrs. Hammond) did not appear at trial, and petitioner indicated that she no longer resides in the United States.

Schedule C Income and Expenses

Petitioner was a private investigator doing business as L.W. Hammond Investigations. During the taxable year 2004 petitioner provided services to the U.S. courts and the County of Sacramento for which he was paid compensation of $43,808 and $40,610, respectively. Petitioner also received $2,244 as nonemployee compensation from the California Apartment Association.

On March 14, 2006, the Internal Revenue Service (IRS) received petitioners' 2004 Federal income tax return. On Schedule C petitioner reported $43,052 in gross receipts and deducted $32,550 in total expenses regarding his business. Petitioner claimed various Schedule C expenses, including $4,800 for utilities and $8,900 for rent or lease expenses, which respondent disallowed. Petitioners presented no evidence to substantiate their entitlement to these claimed deductions.[2]

_____

[2]Respondent determined that petitioners are entitled to an increased expense deduction of $14,573 for home office expenses for 2004. Petitioners do not contest this determination.

Dependency Exemption Deductions and Earned Income Credit

Petitioners claimed dependency exemption deductions and an EIC for two minor children, C.W.H. and C.B.H.[3]  On their return petitioners indicated that C.W.H. and C.B.H. died during 2004. Petitioners had no children during the year in question.

Petitioner attached two documents entitled "Certificate of Live Birth" (certificate) to the 2004 return.  The certificates indicate that C.W.H. was born in 1997 in Sacramento County, California.  They further indicate that C.B.H. was born during 2004, also in Sacramento County.  A search by the county clerk/recorder's office in Sacramento County of the county's vital statistics records concluded that (1) no children named C.W.H. or C.B.H. were born in Sacramento County during the childrens' alleged years of birth, and (2) no children with those names had died in Sacramento County during 2004.  The birth certificates attached to petitioners' 2004 return are forgeries and were not issued by the Vital Records Unit of Sacramento County.  At trial petitioner conceded that he did not have any children in 2004.  Petitioner testified that he did not attach the certificates to the return, even though he signed the return and the return references the children by name.  Petitioner

_____

[3]The Court refers to minor children by their initials.  See Rule 27(a)(3).

provided no credible explanation as to how the false birth certificates were attached to the return.

Failure To File Timely

Petitioners' 2004 return was due on April 15, 2005.  The IRS received the return on March 14, 2006.  At trial petitioner did not explain why the return was filed late.  Petitioner signed the 2004 return and completed the attached Schedule C.  Petitioners presented no evidence that the return was prepared for them by a return preparer or any other person.

## Discussion

### I.  Schedule C Income and Expenses

#### A.  Schedule C Income

Gross income includes all income from whatever source derived.  Sec. 61; see Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955).  Respondent determined that petitioners underreported their gross receipts by $43,608 on their 2004 Schedule C.  As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

During 2004 petitioner received compensation of $43,808 from the U.S. courts, $40,610 from Sacramento County, and $2,244 from the California Apartment Association.  In total, petitioners

received more than $86,660 in gross receipts through petitioner's business.  On Schedule C, petitioners reported only $43,052 as gross receipts.  Petitioners failed to include approximately $43,608 in received gross receipts on Schedule C.

Petitioners contend that they incurred an NOL in 2005 that should be used to offset their 2004 income.  In the alternative, petitioners contend that the amount of gross receipts reported was correct because portions of the amounts paid to petitioner were not paid to him as compensation but, instead, constituted reimbursement for expenses petitioner had incurred while performing services in the ordinary course of business.

Petitioners provided no credible evidence to substantiate their claim to an NOL for 2005.  Petitioners failed to provide any information regarding the actual dollar amounts of their business expenses in 2005, the total amount of the NOL incurred in 2005, or the amount of any NOL available to be carried back to 2004.  Further, petitioners failed to provide any substantiation of unreimbursed expenses for 2004 in an amount to offset the unreported gross receipts.  Therefore, we sustain respondent's determinations with respect to petitioners' unreported gross receipts and the resulting underpayment of tax.

B.  Schedule C Expenses

Deductions are a matter of legislative grace, and the taxpayer has the burden of proving entitlement thereto.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Section 162(a) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  In general, business expenses, which are deductible from gross income, include the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business.  Sec. 1.162-1(a), Income Tax Regs.

The taxpayer has the burden of establishing his right to the claimed deduction as an "ordinary and necessary [expense] paid or incurred during the taxable year in carrying on any trade or business."  Kalamazoo Oil Co. v. Commissioner, 693 F.2d 618, 620 (6th Cir. 1982), affg. T.C. Memo. 1981-344.

On their Schedule C for 2004 petitioners claimed deductions of $4,800 for utilities and $8,900 for the rent or lease of other business property, which respondent disallowed.  Petitioners have provided no evidence supporting their entitlement to deduct the claimed expenses.  Accordingly, we sustain respondent's determination.

II.  Interest Income

Respondent determined that petitioners failed to report interest income of $103 on their 2004 return.  Petitioners failed

to challenge this determination in the petition or at trial. Therefore, we sustain respondent's determination.

III.  Dependency Exemption Deductions and EIC

Petitioners claimed dependency exemption deductions and an EIC for two minor children on their 2004 return.  In support, petitioner attached a birth certificate for each child to the return.  The attached certificates were forgeries, and the children did not exist.  Petitioner has conceded that he did not have any children in 2004.  Petitioners are not entitled to dependency exemption deductions with respect to C.W.H. and C.B.H.

Petitioners attached to their return a Schedule EIC, Earned Income Credit, showing C.W.H. and C.B.H. as qualifying children; their year of birth as 2004; and that each child "died" during 2004.  The children, however, did not exist in 2004.  Clearly, petitioners are not entitled to an EIC with respect to C.W.H. and C.B.H.

As a result of the foregoing, we sustain respondent's determination of the increased deficiency.

IV.  Section 6651(a) Addition to Tax

Section 6651(a)(1) provides an addition to tax for failure to timely file a Federal income tax return, unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect.  United States v. Boyle, 469 U.S. 241, 245 (1985); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985); Davis

v. Commissioner, 81 T.C. 806, 820 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985).  An individual taxpayer is required to file a tax return on or before the 15th day of April following the close of the calendar year.  Sec. 6072(a).  Petitioners' 2004 Federal income tax return was required to be filed by April 15, 2005.  However, their return was not filed until March 14, 2006.  Petitioners failed to present any credible documentary or testimonial evidence to establish either that their 2004 return was timely filed or that their late filing was due to reasonable cause and not willful neglect.  Accordingly, we sustain respondent's determination and hold that petitioners are liable for the addition to tax under section 6651(a)(1).

## V.   Penalties Under Sections 6663 and 6662

If the fraud penalty under section 6663 applies to any portion of an underpayment, then the penalty under section 6662 will not apply to any portion of the underpayment on which the fraud penalty is imposed.  Sec. 6662(b).  If the fraud penalty under section 6663 applies to either petitioner, then the penalty under section 6662(a) will not be applicable to either petitioner.  Sec. 6662(b); see, e.g., Zaban v. Commissioner, T.C. Memo. 1997-479.  Thus, we begin with our consideration of the fraud penalty with respect to petitioner.

Fraud Penalty Under Section 6663

Section 6663(a) provides: "If any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud." See Sam Kong Fashions, Inc. v. Commissioner, T.C. Memo. 2005-157. The Commissioner bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). To satisfy this burden, the Commissioner must establish that (1) an underpayment exists, and (2) some portion of the underpayment is attributable to fraud. DiLeo v. Commissioner, 96 T.C. 858, 873 (1991), affd. 959 F.2d 16 (2d Cir. 1992). Because we have already held that an underpayment exists, we must decide whether any portion of such underpayment was attributable to fraud. "If the Secretary establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except with respect to any portion of the underpayment which the taxpayer establishes (by a preponderance of the evidence) is not attributable to fraud." Sec. 6663(b). In the case of a joint return, the section 6663 penalty "shall not apply with respect to a spouse unless some part of the underpayment is due to the fraud of such spouse." Sec. 6663(c). Therefore, one spouse may be held liable for the penalty without

the other spouse sharing in the liability solely because he or she was a party to a joint return.

Fraud has been defined as an "'intentional wrongdoing on the part of a taxpayer motivated by a specific purpose to evade a tax known or believed to be owing.'" Moran v. Commissioner, T.C. Memo. 2005-66 (quoting Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968)); see also Langworthy v. Commissioner, T.C. Memo. 1998-218. The Commissioner must prove by clear and convincing evidence that the taxpayer intentionally engaged in wrongdoing with the specific intent to avoid a tax that he knew to be owing. Akland v. Commissioner, 767 F.2d 618, 621 (9th Cir. 1985), affg. T.C. Memo. 1983-249. Courts consider a taxpayer's entire course of conduct in determining fraudulent intent. DiLeo v. Commissioner, supra at 874; Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989). Because direct evidence is rarely available, fraud may be proven by circumstantial evidence. DiLeo v. Commissioner, supra at 874; Chase v. Commissioner, T.C. Memo. 2004-142.

Courts have adopted several objective badges that serve as evidence of fraud by the taxpayer, which may include: (1) Dealing in cash; (2) understatement of income; (3) concealment of assets; (4) inadequate recordkeeping; (5) implausible or inconsistent explanations of behavior; (6) filing false documents; and (7) failure to cooperate with tax authorities.

See Robleto v. Commissioner, T.C. Memo. 2008-195 (citing Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601); Hoover v. Commissioner, T.C. Memo. 2006-82.

(i) Understatement of Income

Petitioner failed to report gross receipts of $43,608 from his private investigation business and interest income of $103, and he improperly claimed dependency exemption deductions and an EIC in order to understate his Federal income tax liability for 2004.

Petitioner conceded that he did not have any children in 2004.  Even though petitioners had no children, petitioner claimed dependency exemption deductions and an earned income credit on the return as if he did.  Petitioner's knowledge of the fact that he had no dependent children is evidence that he knew that the claimed dependency exemption deductions and EIC were based on fraud and that he acted willfully.  Petitioner's false deductions and understatement of income are evidence of his fraudulent intent in the filing of the return.

(ii) Inadequate Recordkeeping

Petitioner alleged that he failed to report income on the return because he received the payments as reimbursement of business expenses.  However, petitioner has provided no evidence that supports this contention.  Petitioner has provided no relevant supporting documentation, such as invoices or statements

from the County of Sacramento or the U.S. courts, in order to show that the amounts were paid to him as reimbursement.

(iii) <u>Filing False Documents</u>

The filing of false documents is evidence of fraudulent intent. <u>Hoover v. Commissioner</u>, <u>supra</u>. Forged birth certificates for fictitious children were attached to petitioners' return. Petitioner was in control of the return before its filing, as evidenced by the fact that he prepared, signed, and mailed the return.

Petitioners did not use the services of a return preparer, and petitioner provided no credible evidence that anyone other than he prepared the 2004 return.

Petitioner failed to provide any credible explanation with respect to how the fraudulent birth certificates came to be attached to the return, other than their having been attached by petitioner. That the return filed bears the names of the children listed on the birth certificates, coupled with the fact that petitioner completed and signed the return, supports our conclusion that petitioner attached the false documents to the return.

The foregoing convinces us that petitioner filed a false and fraudulent return for 2004 with the intent to evade tax.

Accordingly, we hold that petitioner is liable for the fraud penalty under section 6663 for $11,411.25.[4]

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[4]Our finding of fraud applies only to petitioner, who failed to establish that any portion of the underpayment was not attributable to fraud. No direct evidence of fraud by Mrs. Hammond was presented, and respondent on brief offers no reason for finding that she is liable for the fraud penalty. Having found that petitioner is liable for the fraud penalty under sec. 6663, we need not consider respondent's alternative argument regarding the accuracy-related penalty under sec. 6662(a).